Los Esposos Gregorio Cubero y María Domínguez, demandantes, apelantes y apelados, *v.* Rosa y Cecilia Chevremont, demandadas, apeladas y apelantes.

No. 6208.—*Sometido:* Mayo 11, 1934. *Resuelto:* Junio 14, 1935.

*Angel A. Vázquez*, abogado de los apelantes y apelados; *L. Méndez Vaz*, abogado de las apeladas y apelantes.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Los demandantes y las demandadas interpusieron apelación contra la sentencia de la corte inferior, pero los demandantes desistieron luego de su recurso por lo que sólo tendremos que resolver el de las demandadas.

Gregorio Cubero y su esposa María Domínguez demandaron a las hermanas Rosa y Cecilia Chevremont para que la corte declarase nulo el procedimiento ejecutivo que ellas siguieron contra los demandantes para cobrarles una hipoteca que gravaba una finca de la propiedad de los esposos demandantes. Alegaron varios motivos para que se declarase la nulidad del ejecutivo pero la corte inferior sólo sostuvo uno de ellos y por él decretó la nulidad del procedimiento ejecutivo a que hacemos referencia, con otros pronunciamientos que no es necesario exponer en esta ocasión dado el juicio que hemos formado de este recurso.

Ese motivo de nulidad es que a pesar de que en el escrito inicial del procedimiento ejecutivo hipotecario se reclamó solamente el pago del capital adeudado, sus intereses y cierta cantidad para costas y que por ellas fué hecho el requerimiento de pago, sin embargo, en la sentencia o resolución posterior que dispuso la venta de la finca se adicionó la cantidad de $841.34 de contribuciones de la finca debidas al Tesorero Insular, que no era debida por Cubero a las ejecutantes.

Al resolver ese motivo alegado por los demandantes y por el cual la corte inferior declaró nulo el juicio ejecutivo

hipotecario, dicha corte consignó que esas contribuciones fueron pagadas por las entonces demandantes después de instituído el procedimiento y antes de dictarse la orden de remate. Y después de citar el artículo 333 del Código Político dijo: "No dudamos que las ahora demandadas tenían derecho a reclamar la cantidad que pagaron por concepto de contribuciones sobre dicha finca, pero debieron alegarlo en el escrito inicial para que de este modo la corte hubiese tenido jurisdicción para incluir en la orden de remate la cantidad pagada por concepto de contribuciones."

La resolución de ese motivo de nulidad se basó en un error de hecho de la corte sentenciadora. Las ejecutantes Chevremont no pagaron las contribuciones después de instituído el procedimiento ejecutivo y antes de dictarse la orden de remate, pues lo que aparece de los autos es que esas contribuciones fueron pagadas por ellas después de algún tiempo de habérseles adjudicado la finca en subasta para pagarles la hipoteca, ya que habiendo tenido lugar la subasta y adjudicación el 27 de junio de 1929, las contribuciones fueron pagadas parte en 27 de agosto de ese año y otra parte en marzo de 1930. Lo que ocurrió fué que al tener conocimiento la corte por una certificación que se le presentó del colector de rentas de que la finca estaba adeudando al Pueblo de Puerto Rico $841.34 por contribuciones vencidas y no satisfechas la corte, después de ordenar la venta de la finca para pagar a las ejecutantes el capital adeudado, sus intereses y las costas, dijo lo siguiente: "En el edicto anunciando la subasta cuidará el márshal de hacer constar que la finca que se ejecuta adeuda al Pueblo de Puerto Rico $841.34, que deberá pagar el licitador que obtuviere la buena pro en el acto del remate. . ." Fué sencillamente un aviso a los licitadores de que la finca estaba debiendo contribuciones que habría de pagar el licitador.

Demostrado el error de hecho de la corte, cae por su base la conclusión que sacó para declarar nulo el juicio ejecutivo hipotecario.

La conclusión a que hemos llegado hace innecesario resolver las otras cuestiones propuestas por las apelantes.

*La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda de nulidad interpuesta por los demandantes, sin especial condenación de costas.*